IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 18 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

BRAINSTORM USA, LLC

    Plaintiff,

v.

ROBERTO MANES and COLLEEN MANES

    Defendants.

CIVIL ACTION NO.
1:07-CV-1201-JEC

### ORDER

This matter came before the Court for a hearing on June 13, 2007 on plaintiff Brainstorm USA, LLC's Motion for Preliminary Injunctive Relief.  The evidence and arguments presented persuade the Court that the defendants are not likely to succeed on their defense of duress against the enforcement of the Settlement Agreement between the parties.  Moreover, defendants appear to have ratified the Agreement in any event, as they accepted its benefits for approximately two years.  Accordingly, the Settlement Agreement appears to be enforceable.  It further appears that the forum selection clause in the Settlement Agreement justifies the application of Georgia law and the exercise of jurisdiction by this Court, although the Court will issue a separate order on that matter at a later time.

Plaintiff has shown a likelihood of success as to the enforceability of the restrictive covenants in Section 6 of the

Settlement Agreement. It appears that the following provisions are enforceable under Georgia law: nonsolicitation of Brainstorm personnel (¶ 6F), non-disclosure and non-use of confidential information (¶ 6C), and nonsolicitation of customers and vendors (¶ 6B). Plaintiff has presented evidence that the defendants directly or indirectly solicited Brainstorm personnel and solicited or accepted business from Brainstorm's customers and vendors. The defendants' use of confidential information may be inferred from the evidence presented and the conduct of the defendants, although direct evidence of such use must await discovery. Therefore, plaintiff has shown a likelihood of success on the above claims against the defendants.

As to the noncompetition covenant (¶ 6D) and enjoining the defendants from operating their new business, plaintiff has argued that this non-competition covenant is enforceable either because (1) it was entered into by the defendants as part of a settlement agreement resolving a previous, similar dispute between the parties and the defendants accepted substantial compensation under this agreement for a two-year period of time or (2) even if the traditional Georgia law analysis of non-compete clauses applies, the covenant is reasonable as to its scope, given the duties and role of defendant Robert Manes in the company. On their side, the defendants

2

AO 72A
(Rev.8/82)

rely on a long line of Georgia authority that views with displeasure the unlimited territorial scope of the clause at issue.

The Court perceives merit in both parties' arguments and will need to study more thoroughly both the facts of the case and the legal authority cited, before it can determine the enforceability of the non-competition clause. The Court intends to issue a ruling on the plaintiff's request for injunctive relief as to this covenant in the near future. The plaintiff's assertion of a potentially meritorious argument on the enforceability of the non-competition clause, however, has affected the Court's determination of the wording of the preliminary injunctive relief now issued, pending a ruling on the request by plaintiff that the non-competition clause also be enforced. The Court has attempted to craft language that will give effect to those covenants that appear to be clearly enforceable and that will maintain the status quo as much as possible pending a determination of the validity of the non-competition clause, while, at the same time, permitting the defendants to carry on a business that does not rely on poaching the resources of the plaintiff's business.

For the above reasons, the Court **DIRECTS AND ENJOINS** the defendants (1) not to solicit **or** hire any person who was an employee

3

or independent contractor of Brainstorm USA on or after May 27, 2005;[1] (2) not to solicit or accept the business of any persons or entities who are customers of Brainstorm USA on or after May 27, 2005, other than merely accepting business without any solicitation;[2] and (3) not

---

[1] In their response to the plaintiff's proposed Order, the defendants have objected to language that enjoins the defendants from <u>hiring</u> any former employee or independent contractor of the plaintiff's, noting that the Settlement Agreement, itself, only precludes the defendants from <u>soliciting</u> such personnel to work for the defendants. In its final injunctive Order, the Court will likely not reach beyond the language of the Settlement Agreement. For the present, however, there is evidence that the defendants have solicited several employees or contractors of the plaintiff's, in violation of the Settlement Agreement. There is further evidence that the defendants did so, even after this Court had issued its Order of June 5, 2007 prohibiting such conduct.

Accordingly, as the plaintiffs cannot effectively police and the Court cannot effectively enforce this non-solicitation provision in the short term, the Court directs that any hiring of personnel of the plaintiff's cease for the present time.

[2] Defendants cite Georgia case authority for the proposition that they should only be precluded from soliciting customers that the defendants actually serviced or of whom the defendants became aware. Plaintiffs cite authority that supports the language, as drafted.

Again, defendants appear to have been quite aggressive in hiring away several former personnel of the plaintiffs, who presumably serviced many of the plaintiff's customers. Defendant Robert Manes, himself, occupied a position within the company that would presumably cause him to know the identities of most of the customers, whether or not he ever directly serviced these customers. Moreover, defendants signed a settlement agreement that would preclude them from even competing against the plaintiff in another business. While this clause may or may not be enforceable, any inconvenience that results while the Court sorts out this dispute should fall on the defendants, who chose to breach an agreement into which they voluntarily entered.

Accordingly, a blanket prohibition on soliciting customers of

4

to disclose or use any "Confidential Information," as defined in ¶ 6A (iii), in the operation of their business, including without limitation Brainstorm business methods, operational data, promotional and marketing materials, customer data, pricing and merchandising strategies, lead generation programs, in-home and exhibit sales presentations and methods, vendor contacts such as Info USA and subsidiaries, and sales, telemarketing, appointment setting and marketing scripts and materials.

The Court will issue a further ruling on the plaintiff's request for injunctive relief concerning the non-competition clause in the near future.

SO ORDERED, this 18 day of June, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

---

the defendants is equitable and most subject to effective management. If the defendants have any concerns about whether a customer is the plaintiff's, they should make inquiry before soliciting or making a sale.